07 30/04  FRI 13:47 FAX 8307032071        US DISTRICT COURT                                  ☒002

FORM FOR MOTIONS UNDER 28 U.S.C. §2255    **MAGISTRATE JUDGE** ⟨⟩

SCOTT MARTIN CUMMINGS
_Name_

13625-179

# 05 10839 JLT
_Prison Number_

Federal Correctional Institution, POB 9000, Seagoville, TX 75159
_Place of Confinement_

United States District Court    FIRST    District of MASSACHUSETTS

Case No. 1:01CR10410 _____    (to be supplied by Clerk of Court)

United States,                        SCOTT MARTIN CUMMINGS
( RESPONDANT )                 v.    ( PETITIONER )

(full name of movant)

(If movant has a sentence to be served in the _future_ under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

#### INSTRUCTIONS--READ CAREFULLY

(1)  This motion must be legibly handwritten or typewritten, signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2)  Additional pages are not permitted except with respect to the _facts_ which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they shoud be submitted in the form of a separate memorandum.

(3)  Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4)  If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type you may request permission to proceed _in forma pauperis_, in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed _in forma pauperis_, you must have an authorized officer at the penal institution complete the certificate as to

07/30/04  FRI 13:47 FAX 8307032071        US DISTRICT COURT                          ☒003

the amount of money and securities on deposit to your credit in any account
in the institution.

(5) Only judgments entered by one court may be challenged in a single motion.
If you seek to challenge judgments entered by different judges or divisions
either in the same district or in different districts, you must file separate motions as to each judgment.

(6) Your attention is directed to the fact that you must include all grounds for
relief and all facts supporting such grounds for relief in the motion you file
seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and two copies must be
mailed to the Clerk of the United States District Court whose address
is  Clerk, U.S. District Court, District of Massachusetts. U.S. Courthouse

(8) Motions which do not conform to these instructions will be returned with a
notation as to the deficiency.

MOTION

1. Name and location of court which entered the judgment of conviction under
attack U.S. District Court, District of Massachusetts, Boston

2. Date of judgment of conviction  13 April 2004

3. Length of sentence ___97 Months___  Sentencing Judge Hon Joe Tauro

4. Nature of offense or offenses for which you were convicted 18  U.S.C.  §
371; 18 U.S.C. § 2118(d); 18 U.S.C § 2118(a); and 18 U.S.C.
§ 924(c)

5. What was your plea?  (Check one)
   (a)  Not guilty  (  )
   (b)  Guilty  (xx)
   (c)  Nolo contendere  (  )
   If you entered a guilty plea to one count or indictment, and a not guilty
   plea to another count or indictment, give details:

   _____N/A_____

2

07/30/04  FRI 13:47 FAX 8307032071                                                ⚒004

6. Kind of trial: (check one)
   (a) Jury ( )          N/A
   (b) Judge only ( )

7. Did you testify at the trial?  Yes ( )   No ( )

8. Did you appeal from the judgment of conviction?  Yes ( )   No (XX)

9. If you did appeal, answer the following:
   (a) Name of court _____
   (b) Result _____
   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence,
    have you previously filed any petitions, applications or motions with respect
    to this judgment in any federal court?  Yes ( )   No (XX)

11. If your answer to 10 was "yes," give the following information:
    (a) (1) Name of court _____
        (2) Nature of proceeding _____
            _____
        (3) Grounds raised _____
            _____
            _____
            _____
            _____
            _____
        (4) Did you receive an evidentiary hearing on your petition, appli-
            cation or motion?  Yes ( )   No ( )
        (5) Result _____
        (6) Date of result _____
    (b) As to any second petition, application or motion give the same
        information:
        (1) Name of court _____
        (2) Nature of proceeding _____
            _____
        (3) Grounds raised _____
            _____
            _____
            _____
            _____
        (4) Did you receive an evidentiary hearing on your petition, appli-
            cation or motion?  Yes ( )   No ( )
        (5) Result _____
        (6) Date of result _____
    (c) As to any third petition, application or motion, give the same
        information:
        (1) Name of court _____

3

(2)  Nature of proceeding _____

(3)  Grounds raised _____
_____
_____
_____
_____
_____

(4)  Did you receive an evidentiary hearing on your petition, appli-
cation or motion?  Yes  ( )  No  ( )

(d)  Did you appeal, to an appellate federal court having jurisdiction, the
result of action taken on any petition, application or motion?
(1)  First petition, etc.        Yes  ( )    No  ( )
(2)  Second petition, etc.       Yes  ( )    No  ( )
(3)  Third petition, etc.        Yes  ( )    No  ( )

(e)  If you did not appeal from the adverse action on any petition,
application or motion, explain briefly why you did not:
_____
_____
_____
_____
_____

12.  State concisely every ground on which you claim that you are being held
unlawfully.  Summarize briefly the facts supporting each ground.  If
necessary, you may attach pages stating additional grounds and facts support-
ing same.

CAUTION:   If you fail to set forth all grounds in this motion, you may be
barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised
grounds for relief in these proceedings.  Each statement preceded by a
letter constitutes a separate ground for possible relief.  You may raise any
grounds which you have other than those listed.  However, you should raise
in this motion all available grounds (relating to this conviction) on which
you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts
in support of the ground or grounds which you choose.  Do no check any of
the grounds listed below.  The petition will be returned to you if you
merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced
or not made voluntarily or with understanding of the nature of the
charge and the consequences of the plea.
(b)  Conviction obtained by use of coerced confession.
(c)  Conviction obtained by use of evidence gained pursuant to an
unconstitutional search and seizure.

07/30/04  FRI 13:48 FAX 8307032071                                     ☑006

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.
    NOTE: If Petitioner asserts denial of effective assistance of counsel (ground "i"), he must describe with particularity the factual basis for his claim (e.g., lawyer failed to raise insanity defense), and he must describe the prejudice allegedly suffered as a result of the denial of effective assistance of counsel (e.g., convicted of crime that Petitioner lacked the mental capacity to commit).

A.  Ground one: WHETHER DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO A UNCONSTITUTIONAL ENHANCEMENTS.
    Supporting FACTS (tell your story briefly without citing cases or law): See MEMORANDUM BRIEF IN SUPPORT.
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

B.  Ground two: WHETHER SENTENCE IS IN VIOLATION PURSUANT TO BLAKELY v. WASHINGTON & UNITED STATES v. BOOKER/FANFAN.
    Supporting FACTS (tell your story briefly without citing cases of law): SEE MEMORANDUM BRIEF IN SUPPORT.
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

07/30/04  FRI 13:48 FAX 8307032071                                                      ☒007

WHETHER COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO FILE NOTICE OF APPEAL, THUS PRESERVING BLAKELY ISSUES

Supporting FACTS (tell your story briefly without citing cases or law): SEE MEMORANDUM BRIEF IN SUPPORT

D.   Ground four:    N/A

Supporting FACTS (tell your story briefly without citing cases or law):

13.  If any of the grounds listed in 12A, B, C and D were not previously pre-
     sented, state briefly what grounds were not so presented, and give your
     reasons for not presenting them:

14.  Do you have any petition or appeal now pending in any court as to the
     judgment under attack?  Yes ( )    No (XX)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing MR. MARTIN RICHEY FEDERAL PUBLIC DEFENDER, 408 ALANTIC AVE, BOSTON MA C2110

(b) At arraignment and plea SAME

(c) At trial

(d) At sentencing SAME

(e) On appeal

(f) In any post-conviction proceeding N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time? Yes (XX) No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ) No (XX)

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) And give date and length of sentence to be served in the future:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( ) No ( )

Wherefore, movant prays that the court grant him all relief to which he may be entitled in this proceeding.

Executed at _____
                        City, County, State

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____
                                                                    (Date)

_____
Signature of Movant

7

SCOTT MARTIN CUMMINGS
Register Number 13625-179
Federal Correction Institute
Post Office Box 9000

PETITIONER PRO SE

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS
### BOSTON DIVISION

| | |
|---|---|
| SCOTT MARTIN CUMMINGS, | ) |
| | ) |
| Petitioner, | ) CR-10410-02-JLT |
| | ) CV- |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) Honorable Joseph L. Tauro |
| | ) United States District Judge |
| Respondent. | ) |

---

### MEMORANDUM BRIEF IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO SECTION 28 U.S.C. § 2255

---

COMES NOW the Petitioner, SCOTT MARTIN CUMMINGS, pro se, and for submittal of his Memorandum Brief in Support of Motion to Vacate, Set Aside, or Correct Sentence pursuant to Section 28 U.S.C. § 2255 states as follows:

### STATEMENT OF CASE

### A.  COURSE OF PROCEEDINGS AND DISPOSITION

By a grand jury indictment returned on 7 November 2001, Petitioner SCOTT MARTIN CUMMINGS along with one co-defendant, MR JOSHUA FRIEDMAN was charged in a four(4) count indictment:  Count I, Conspiracy, in violation of Title 18 U.S.C. § 371;  Count II, Conspiracy, in violation of Title 18 U.S.C. § 2118(d);  Count III,

Robbery of Controlled Substances, in violation of Title 18 U.S.C. §
2118(a) & (c); and Count IV, Use of a Firearm During a Crime of
Violence.

However, on 8 January 2003, a superseding indictment was
returned with the same charges, but adding a MR. JONATHAN NERIE as
a co-defendant.

On 29 January 2004, without a plea agreement and upon the
advice of defense counsel, the petitioner (herein after "CUMMINGS")
entered a plea of guilty to all counts of the Superseding
indictment.

On 13 April 2004, CUMMINGS' appeared for sentencing and
received a 37-month term of imprisonment for Counts I, II, III, and
a 60-month term of imprisonment for Count IV to be served
consecutively.   CUMMINGS' was also ordered a $400.00 assessment
fee, restitution of $12,866.29, and 3-years of supervised release.
The restitution ordered is to be payed joint and several with MR.
JOSHUA FRIEDMAN.

Although CUMMINGS inquired about an appeal to defense
counsel, no appeal was taken to the First Circuit Court of Appeals.
MR. CUMMINGS now timely files his motion to Vacate, Set Aside, or
Correct his Sentence pursuant to Section 28 U.S.C. § 2255 alleging
inter alia, ineffective assistance of counsel in violation of the
Sixth Amendment.

## B.   STATEMENT OF FACTS

The facts of this case are as follows:   At approximately
19:30 hrs. on 24 May 2001, two pharmacy technicians and one
pharmacist were on duty at the Veterans Affairs Medical Center -
Boston ("VAMC") pharmacy.   Two unidentified males, gained entry to

(2)

the pharmacy in question.   Of the two males, one of them was subsequently identified a SCOTT MARTIN CUMMINGS.   CUMMINGS proceeded to walk the two pharmacy technicians to the back of the pharmacy where the narcotics vault was located, and where the pharmacist was working.  The pharmacy employees were asked to kneel to the floor while the robbers took large quantities of narcotics from the vault.   The narcotics were placed in to large bags and then the robbers then fled the pharmacy.  This Robbery is the basis for Count III of the indictment.

During this crime, weapons were seen by the pharmacy technicians.   The F.B.I. was advised that one technician witnessed one of the robbers put a long barrel rifle on the floor next to an athletic bag he was carrying, while the other technician stated she observed a rifle in the athletic bag.  This is the basis for Count IV of the indictment.

MR. JOSHUA FRIEDMAN was a fourth year undergraduate student at Northeastern University and was employed at the VAMC Pharmacy as a co-op student during the time of the robbery.  During an initial interview with FRIEDMAN by special agents of the FBI, Department of Veterans Affairs and Office of the Inspector General on 1 June 2001, FRIEDMAN denied any knowledge of who might have robbed the pharmacy.

MR. FRIEDMAN had been friends earlier in his college tenure with CUMMINGS who was another student attending Northeastern, but left college prior to the 2001 Spring semester.  CUMMINGS roughly matched the physical description given by the VAMC Pharmacy employees of the taller of the two robbers.

On 11 June 2001, Special Agent BRIAN ROSSI of the FBI and

(3)

Special Agent SEAN SMITH of the VAOIG conducted a second interview of FRIEDMAN.    During this interview, FRIEDMAN was shown an eight person photo array containing a picture of SCOTT MARTIN CUMMINGS. FRIEDMAN identified CUMMINGS in the photo array.    He acknowledged that he and CUMMINGS had been friends a couple of years earlier when they had been students together at Northeastern University. He also stated that CUMMINGS moved back to Boston from Houston during the winter of 2001.

FRIEDMAN acknowledged that prior to 24 May 2001, he had extensive conversations with CUMMINGS and another conspirator about his own employment at the VAMC Pharmacy.    FRIEDMAN further revealed that he and CUMMINGS had extensive conversations about the VAMC Pharmacy, to include discussions about the narcotic medications present in the pharmacy; the layout of the pharmacy; and the staffing/security of the pharmacy.

FRIEDMAN was also interviewed twice on 15 June 2001.    At this interview he admitted that he an CUMMINGS talked about committing the VACM Pharmacy Robbery.    These conversations are the basis for Count II.

Also, during one of the 15 June 2001 interview's with FRIEDMAN, it was acknowledged that on 22 May 2001, pursuant to CUMMINGS request, that he drive CUMMINGS in his own car from Boston to Kittery, Maine for the purpose of buying shotguns for CUMMINGS. FRIEDMAN further admitted that at the Kittery Trading Post, he purchased two shotguns for CUMMINGS which were paid for by FRIEDMAN with money given to him by CUMMINGS.    MS. DANA POOLE, an employee at the Kittery Trading Post who sold FRIEDMAN the guns has corroborated FRIEDMANS' statement.    this is the basis for Count I

(4)

of the indictment.

## STATEMENT OF ISSUES RELATED TO INEFFECTIVE ASSISTANT OF COUNSEL CLAIMS

The function of a § 2255 Motion to Vacate, Set Aside, or Correct Sentence is to inquire into the legality of the Federal Prisoner's sentence. Section § 2255 provides four(4) grounds that justify relief for a Federal Prisoner who challenges the imposition or length of his or her detention. (1) "That the sentence was imposed in violation of the Constitution or Laws of the United States;" (2) "That the court was without jurisdiction to impose such a sentence;" (3) "That the sentence was in excess of the maximum authorized by law;" or (4) "That the sentence is otherwise "subject to collateral attack". See Section 28 U.S.C. § 2255 (1994).

A § 2255 motion requires the District Court either to order the Government to respond or hold an Evidentiary Hearing unless the Motion, Files, and Records of the case "conslusively show that the prisoner is entitled to no relief.")(empahsis added); See **United Bartholomew**, 974 F.2d 39, 41 (5th Cir. 1992)(A motion under 28 U.S.C. § 2255can be denied without a hearing only if the Motion, Files, and Records of the case "conclusively show that the prisoner is entitled to no relief.

## INEFFECTIVE ASSISTANCE STANDARD

In Strickland the Supreme Court established a two-prong test to evaluate ineffective assistance of counsel claims. **Strickland v. Washington**, 466 U.S. 688 (1984). To obtain a reversal of a conviction, the defendant must prove: (1) That Counsels performance fell beyond an objective standard of reasonableness; and (2) That

counsels deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceedings. Id at 687-88.

## GROUNDS FOR RELIEF

(a) WHETHER DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO PROPERLY OBJECT TO AN UNCONSTITUTIONALLY ENHANCED SENTENCE ON AGGRAVATING FACTORS WHICH INCREASED THE PETITIONER'S SENTENCE; (b) WHETHER THE PETITIONER'S SENTENCE IS IN VIOLATION PURSUANT TO THE SUPREME COURTS DECISIONS IN **BLAKELY v. WASHINGTON**, 524 U.S.____ (2004) & **UNITED STATES v. BOOKER/FANFAN**, Nos. 04-104, 04-105 (1/12/05);(c)WHETHER DEFENSE COUNSEL FAILED TO FILE A NOTICE OF APPEAL, THEREFORE BEING ABLE TO PRESERVE THE ISSUES RAISED IN **BALKELY v. WASHINGTON**, SUPRA.

## ISSUES AND ARGUMENTS

(a) **Whether defense counsel rendered ineffective assistance of counsel in failing to properly object to an unconstitutionally enhanced sentence on aggravating factors which increased the petitioner's sentence.**

The facts of this case are relatively simple. MR. CUMMINGS was indicted for the instant offense on 7 November 2001. Subsequently, a superseding indictment was returned on 8 January 2003, approximately 18-months later. MR. CUMMINGS was appointed counsel and pled guilty to all counts on 29 January 2004 without the benefit of a written plea agreement. However, on 23 March 2004, before CUMMINGS was sentenced, the Supreme Court of the United States heard oral arguments on **Blakely v. Washington**, 159 L.Ed.2d 403 (2004). The arguments of this case in sum, are inter alia, whether the defendant's sentencing procedure had deprived the defendant of his constitutional right to have a jury determine beyond a reasonable

(6)

doubt all facts legally essential to his sentence. In other words, whether the judge could find facts not found by a jury or admitted to by the defendant, in which he could use as a basis to increase the punishment. As this court is well aware of, we all have heard and know the outcome of this landmark case. With this in mind, we need not belabor on the facts surrounding the **Blakely** decision which was ruled favorably and has had a tremendous effect on cases pending direct appeal and sentencing hearings across the United States.

As previously stated, **Blakely** had oral arguments on 23 March 2004, just three weeks prior to MR. CUMMINGS sentencing hearing in which he was given an increased sentence from enhancements which were found by a preponderance of the evidence standard instead of a beyond a reasonable doubt standard. This has caused a violation of Due Process and both "plain" and "structural" error which has affected the petitioner's substantial rights.

MR. CUMMINGS Presentence Investigation Report ("PSR") contained the following enhancements which led to an increase in his sentence. It states in pertinent part:

> (34) **Specific Offense Characteristics:**
>
> > (B) As the three people working in the pharmacy were placed in flex-cuffs during the commission of the robbery, two levels are added per § 2B3.1(b)(4)(B).                         +2
> >
> > (C) Because controlled substances were taken, one level is added per § 2B3.1(b)(6).                         +1
> >
> > (D) The loss in this case totaled $12,866.29. Because the loss exceeded $10,000, but was less than $50,000, one level is added per § 2B3.1(b)(7)(B).                         +1

These enhancements listed above, essentially were found using the preponderance of the evidence instead of the beyond a reasonable

doubt standard.   The question before us now is this:   Did defense counsel ultimately fail to make objections to these enhancements by using the argument presented in **Blakely**?

Of course the government may argue that defense counsel could not have possible argued **Blakely** because at that time, Blakely had neither been decided nor was it applicable to the United States Sentencing Guidelines when it was decided on 24 June 2004.   This argument fails simply because it is an attorney's obligation to know that any facts supporting an increased sentence that are neither admitted to by the defendant or found by a jury, will automatically violate the defendant's Sixth Amendment right to a trial by jury as guaranteed by the United States Constitution.

An attorney is obligated to provide competent representation to his client.   To satisfy this basic obligation, counsel **MUST**, exercise the "**LEGAL KNOWLEDGE, SKILL**, and **PREPARATION REASONABLY NECESSARY FOR THE REPRESENTATION**."   "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."   See **Strickland v. Washington**, 466 U.S. at 691 (1984).   Other Circuits have held the same in that an attorney has an obligation to Research relevant facts and law in order to make informed decisions.   See **United States v. Williamson**, 183 F.3d 458, 462 (5th Cir. 1999); also see **Boria v. Keane**, 99 F.3d 492, 497 (2nd Cir. 1996).

In the case at bar, counsel's performance was below what was required of an attorney in order to represent petitioner's enhanced penalties which led to an increased sentence.   Defense counsel should have objected to these enhancement's in order to preserve these issues for a possible appeal to the First Circuit in reference to the

(8)

pending Blakely decision which has now resulted in the Supreme
Court's decision in Booker/Fanfan, supra and has led to "plain"
errors on all direct appeals across the United States in almost every
circuit. See **United States v. Crosby**, 397 F.3d 103, 118 (2nd Cir.
2005); **United States v. Hughes**, No. 03-4172 (4th Cir. 2005); **United
States v. Villegas**, (5th Cir. 2005); **United States v. Oliver**, 397
F.3d 369, 379-80 (6th Cir. 2005); **United States v. Labastida-Segura**,
396 F.3d 1140 (10th Cir. 2005); **United States v. Ameline**, No. 02-
30326 (9th Cir. 2005). All have held that finding sentencing
enhancements by a preponderance of the evidence standard is a
violation of due process and plain error. (and no doubt structural
error too). This is definitely deficient performance at it's worst.

The petitioner, MR. CUMMINGS, although initially apprised that
he had the choice to take his predicate offense to trial by jury,
chose not to and decided to plea to the prosecution without the
benefit of a plea agreement. However, the petitioner was **NEVER
ADVISED** by counsel that he had the right to take his sentencing
factors (elements) to the jury. Defense counsel for failing to
properly advise MR. CUMMINGS of this and for failing to object to the
enhancements which were found by a preponderance of the evidence
standard, thus violating his due process rights and Sixth Amendment
right to a jury has severely prejudiced the petitioner.

The Government may, in turn argue that MR. CUMMINGS was not
prejudiced by this deficient performance. This argument also will
fail. Defense Counsel's deficient performance for failing to object
and preserve **Blakely** issue has **prejudiced the petitioner in more ways
than one.** First, without the aggravating enhancements, the
petitioner would have received a lesser sentence. The Supreme Court

has explicitly held that "any amount of jail time" has Sixth Amendment significance and cannot serve as a bar for serving prejudice. See **Glover v. United States**, 148 L.Ed.2d 604 (2001).

This holding has also abrogated the old significantly "less harsh standard" as was used by many of the sister circuits to include the Fifth. See **United States v. Grammas**, 376 F.3d 433, 439 (5th Cir. 2004)(holding that any additional prison time is presumptively prejudicial). The Government may also argue that both Blakely and Booker/Fanfan are not retroactive on collateral review and that this should have been raised on direct appeal. Well, had defense counsel not rendered ineffective assistance in reference to this matter, a direct appeal would have already been filed pursuant to MR. CUMMINGS instructions and the case would now be sitting before the First Circuit Court of Appeals under direct review for "plain" error at sentencing. This argument will be covered infra.

The bottom line is that defense counsel rendered ineffective assistance and MR. CUMMINGS was prejudiced by that performance, thus entitling him to relief as the district court sees fit.

> (b) **Whether the petitioner's sentence is in violation pursuant to the Supreme Court's decision's in Blakely v. Washington, 159 L.Ed.2d 403 (2004) & United States v. Booker/Fanfan, 160 L.Ed.2d 621 (2005).**

On 12 January 2005, the Supreme Court decided **United States v. Booker/Fanfan**, 160 L.Ed.2d 621 (2005), which affirmed the holding in **Blakely v. Washington**, 159 L.Ed.2d 403 (2004), that sentencing factors are the same as elements of the offense; and that this rationale must be alloyed to the federal sentencing guidelines.

Shortly thereafter, the Fourth Circuit held in **United States v. Hughes**, No. 03-4172 (4th Cir. 2005) that preponderance of the

evidence findings at sentencing is plain error (and no doubt structural error too) which **AFFECTS THE INTEGRITY OF THE COURT'S**.

Most of the other sister circuits have agreed with this decision. See **United States v. Crosby**, 397 F.3d 103, 118 (2nd Cir. 2005); **United States v. Oliver**, 397 F.3d 369, 379-80 (6th Cir. 2005); **United States v. Ameline**, No. 02-30326 (9th Cir. 2005); **United States v. Villegas**, (5th Cir. 2005); **United States v. Labastida-Segura**, 396 F.3d 1140 (10th Cir. 2005)(all holding preponderance of the evidence at sentencing violates due process and implicates the integrity of the federal courts.) In fact, the Sixth Circuit has even gone one step further in a recent decision in which they held a "plain" error ruling, also compared the differences with both plain and structural errors. See **United States v. Barnett**, 398 F.3d 516 (6th Cir. 2005).

As the Supreme Court had explained in Blakely supra, "Our commitment to Apprendi in this context reflects not just respect for long-standing precedent, but the need to give intelligible content to the right of a jury trial. That right is not mere procedural formality, but a fundamental reservation of power in our constitutional structure." Id 159 L.Ed.2d at 415. Each constitutional deprivation is a **STRUCTURAL DEFECT** affecting the framework within which the trial proceeds, rather than simply an error in the trial itself. Without these basic protections, a criminal trial cannot reliably serve it's function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair." See **Rose v. Clark**, 478 U.S. 570, 578-79 (1986).

Some Constitutional violations, by their very nature cast so much doubt on the fairness of the trial process that, as a matter of

(11)

law, they can never be considered harmless. Sixth Amendment violations that pervade the entire proceeding -- in this case -- at sentencing, fall within this category. In **Arizona v. Fulminate**, 499 U.S. 279 (1991), the Supreme Court elucidated a rule of per se prejudice, sometimes called the "rule of automatic reversal." this made the distinction between "structural" and "trial" errors: "structural defects in the constitution of the trial mechanism." **Fulminate** at 309. see also **Johnson v. United States**, 520 U.S. 461, 466 (1997) (structural errors are per se prejudicial; trial errors occurring "during the presentation of the case to the jury" are subject to harmless error analysis.)

In **Sullivan v. Louisiana**, 508 U.S. 275 (1993), the court dismissed the notion of harmless error analysis "when there has been no jury verdict within the meaning of the Sixth Amendment."

> "Unlike an erroneous presumption regarding an element of the offense ... a deficient reasonable doubt instruction vitiates all the jury's factual findings. A reviewing court in such a case can only engage in pure speculation--it's view of what a reasonable jury would have done. When it does that, the wrong entity judges the defendant guilty. **Moreover, denial of the right to a jury verdict of guilt beyond a reasonable doubt, an indeterminate, is certainly a "structural" defect in constitution of the trial mechanism, which defies analysis by 'harmless-error' standards under Arizona v. Fulminante.**"

The Supreme Court has ruled that the federal sentencing guidelines which were used to impose the petitioner's illegal sentence and judgment are unconstitutional. Booker, supra.

> "An unconstitutional law is void, and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause for imprisonment." See **Ex Parte Siebold**, 100 U.S. 371, 376-77 (1878).

By maintaining an unconstitutional judgment founded on an

(12)

unconstitutional act of congress, this court violates the Constitutional Law and Principles that the court is sworn to protect in over 202-years of Supreme Court stare deicsis.

The unconstitutional act of punishing the petitioner by using the preponderance of the evidence standard did not somehow evolve into an anti-constitutional practise, but rather always was a violation of due process the moment the court made it's findings by shifting the proof. Even if the district court is authorized to impose punishment for the crime on which the defendant has been indicted and convicted, if the term of imprisonment "exceeds the time prescribed by law, the judgment is void for excess." See **In re Bonner**, 151 U.S. 242, 258 (1894). Justice must of course "satisfy the appearance of justice." See **Offutt v. United States**, 348 U.S. 11 (1954).

"It is a miscarriage of justice to give an illegal sentence that increases his punishment, just as it is to convict an innocent person." See **United States v. Pawlinski**, 374 F.3d 536, 540-41 (7th Cir. 2004); **United States v. Syme**, 276 F.3d 131, 158 (3rd Cir. 2002); **United States v. Portillo-Mendoza**, 273 F.3d 1224, 1228 (9th Cir. 2001).

To not grant relief and adjust MR. CUMMINGS sentence without the enhancements due to the change in law from the Supreme Court would simply be unjust. Therefore, in light of the above, MR. CUMMINGS requests that the district court grant relief as to the issue stated above.

     **(c)** **Whether defense counsel rendered ineffective assistance for failing to file a Notice of Appeal, therefore**

             \* \* \* \* \* \* \* \* \* \* \* \*

(13)

* * * * * * * * * * * *

·    **enabling him to preserve the issues raised in Blakely v.
     Washington, 159 L.Ed.2d 403 (2004).**

In the case at bar, the petitioner, MR. CUMMINGS expressed his concern about the possibility of filing a Notice of Appeal. Obviously, no direct appeal was taken. This alone is grounds for satisfying ineffective assistance in accordance with both **Strickland v. Washington**, supra., and **Roe v. Flores-Ortega**, 528 U.S. 470 (2000). In Flores-Ortega, the Supreme Court first looked to whether counsel in fact consulted with the defendant about a potential appeal. Flores-Ortega, 528 U.S. at ___. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. "If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with defendant itself constitutes deficient performance." Id. In evaluating this question, the Supreme Court held that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) "that a rational defendant would want to appeal,"(for example, because there are nonfrivolous grounds for appeal), or (2) "that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at ___.

The Supreme Court further explained that in "making this determination, courts must take into account all the information counsel knew or should have known." Id. Whether the conviction was

(14)

the result of a guilty plea is a highly relevant factor ... because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks to end judicial proceedings." Id. In cases where a defendant does plead guilty, the court must consider whether the defendant received the sentence bargained for in exchange for the plea, and whether the plea agreement explicitly reserves or waives the defendant's appeal rights. Id. In order to establish prejudice in this context, "a defendant must demonstrate that there is reasonable probability that, but for counsel's deficient failure to consult with him about the appeal, he would have timely appealed." Id. at __.

In the case at bar, MR. CUMMINGS asserts that his attorney failed to perfect an appeal, in spite of petitioner's request to do so. If a defendant tells his lawyer of his desire to appeal and the attorney does not appeal at all, then the defendant has been deprived of counsel all together.

Before sentencing and after oral arguments for Blakely, MR. CUMMINGS inquired as to whether or not the Supreme Court's decision if ruled favorably would have an affect on his sentence. It was also inquired as to whether the sentence should be appealed due to the Supreme Court's pending decision in Blakely. This easily meets the requirements as dictated in Roe v. Flores-Ortega, supra.

In the case at bar, counsel failed to consult with the defendant about an appeal and the defendant, MR. CUMMINGS has shown that there is a reasonable probabilty that being a "rationale defendant" would want to appeal and that he was interested in appealing. In light of the above, MR. CUMMINGS is entitled to relief

(15)

concerning defense counsel's failure to file a Notice of Appeal on his behalf and is therefore requesting relief as this court sees fit.

## CONCLUSION

MR. CUMMINGS was denied his right to effective assistance of counsel in violation of the Sixth Amendment. He has easily satisfied the two-prong test articulated in Strickland. He has also established that he meets the plain and structural error standard as articulated in United States v. Booker/Fanfan. Moreover, MR. CUMMINGS has shown that counsel failed to file a notice of appeal thus in violation of Roe v. Flores-Ortega.

The only remaining question is what relief is MR. CUMMINGS entitled too. Since most of the claims border around the Blakely/Booker issue, the appropriate remedy would be to resentence the defendant without the additional enhancement that were found by a preponderance of the evidence instead of beyond a reasonable doubt standard. Of course the remaining option would be to re-instate the Notice of Appeal which would just prolong or delay the inevitable. Since MR. CUMMINGS was sentenced to the lowest possible sentence available at that time using the mandatory guideline scheme, establishing the requirements for plain error should not be that difficult, especially considering that a structural error has occurred as well. Therefore, the petitioner respectfully request that this court resentence him without the additional enhancements or what this court deems reasonable. The Supreme Court has held that remedies for deprivation of a Sixth Amendment violation should be tailored to the injuries suffered and should not necessarily infringe on competing interest. See **United States v. Morrison**, 499 U.S. 361 (1981).

(16)

WHEREFORE, in the interest of justice, petitioner requests that relief.be granted as this court sees fit or otherwise "reasonable" or that an evidentiary hearing be held to resolve any disputed factual issues at this courts convenience.

Respectfully, submitted,

SCOTT MARTIN CUMMINGS #13625-179
FEDERAL CORRECTION INSTITUTE
POST OFFICE BOX 9000
SEAGOVILLE, TEXAS 75159

PETITIONER PRO SE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I placed a true and correct copy of the foregoing motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28 U.S.C. § 2255 in the Prisoner's Legal Mailbox at the Federal Correction Institute in Seagoville, Texas first class postage affixed on 11 April 2005 addressed to: Clerk, U.S. District Court, District of Massachusetts who is located at: U.S. Courthouse, One Courthouse Way, Boston MA, 02210. Service is also directed to the Assistant U.S. Attorney's office which is located at U.S. Courthouse, One CourthouseWay, Boston MA 02210 for the purpose of service herein. 28 U.S.C. § 1746.

SCOTT MARTIN CUMMINGS #13625-179
FEDERAL CORRECTION INSTITUTE
POST OFFICE BOX 9000
SEAGOVILLE, TEXAS 75159

(17)