UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
SCOTT M. CUMMINGS            )
                             )
v.                           )   Civ. No. 053-10839-JLT
                             )   Related to:
UNITED STATES OF AMERICA,    )   (Crim. No. 01-10410-JLT)
_____ )

**GOVERNMENT'S MOTION TO DISMISS SCOTT M. CUMMINGS'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

The United States, by and through Michael J. Sullivan, United States Attorney and the undersigned Assistant United States Attorney, moves this Court to dismiss Scott M. Cummings's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (hereinafter the "§ 2255 Motion").  As set forth herein, because Cummings has not met his burden of establishing that he is entitled to relief under § 2255, the § 2255 Motion must be dismissed.

**FACTS AND PROCEDURAL HISTORY**

With the exception of Cummings's representation regarding a post-sentence discussion with his then-counsel J. Martin Richey, Esq. regarding an appeal of the sentence, the government substantially agrees with the recitation of facts and procedural history set forth in the § 2255 Motion.

**ARGUMENT**

Cummings's motion for relief pursuant to § 2255 must be

dismissed, because he has failed to make out even a *prima facie* case for § 2255 relief.

    **A.**    **Petitioner Bears The Burden Of Establishing His Entitlement To § 2255 Relief**.

The burden to establish entitlement to §2255 relief is on the petitioner, by a preponderance of the evidence. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (burden on petitioner to make out a case for §2255 relief); Mack v. United States, 635 F.2d 20, 26-27 (1st Cir. 1980) (petitioner must establish entitlement to relief by a preponderance in §2255 action); Johnson v. Zerbst, 304 U.S. 458, 469 (1938) (petitioner's burden by a preponderance in a habeas hearing).

    Section 2255 states in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the United States Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  In his § 2255 Motion, Cummings simply fails to demonstrate how his sentence is subject to collateral attack. Although styled as a § 2255 Motion based on alleged ineffective assistance of counsel, Cummings is in fact attempting to use the United States Supreme Court's recent decisions in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004), and United

States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005), as an invitation to this Court to resentence him on the 37-month Guidelines portion of his sentence.  Because those decisions are not to be applied retroactively, the § 2255 Motion must fail.

    A.    **_Booker_ And _Blakely_ Do Not Apply Retrocatively.**

As the United States Court of Appeals for the First Circuit held as recently as April 2005, new rules, such as those announced in Booker and Blakely "are applied retroactively to cases already final only if they are 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" Cirilo-Munoz v. United States, ___ F.3d ___, 2005 WL 858324 at *5 (quoting Schriro v. Summerlin, ___ U.S. 124 S.Ct. 2519, 2523 (2004)).  The alleged error resulted from judicial findings which enhanced the guidelines portion of Cummings's sentence by four levels.[1]  "Booker has preserved the use of judge-made findings by directing that the guidelines hereafter be treated as advisory rather than mandatory guidelines."  Id. (citing United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005)).  In the First Circuit's view, "the use of judge-made findings at sentencing does not undermine

---

[1] U.S.S.G. §2B3.1 provides a base offense level of 20.  Under the facts of Cummings's case, enhancements were made for: restraint of victims – two levels pursuant to §2B3.1(b)(4)(B); theft of controlled substances – one level pursuant to §2B3.1(b)(6); and loss greater than $10,000 but less than $50,000 – one level pursuant to §2B3.1(b)(7)(B).

'accuracy' (in terms of substantially different outcomes) or undermine fundamental fairness." Id. Consistent with its prior holding in Sepulveda v. United States, 330 F.3d 55, 61-63 (1st Cir. 2003)(rule announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), providing jury trials where statutory maximum was to be increased, was not to be applied retroactively), the First Circuit has held that Booker (and through it, "any comparable Blakely-like claim in this circuit[,]" does not apply retroactively. Id. The court went on to recognize that "every other circuit that has considered this issue has agreed that Booker does not apply retroactively." Id. (citation to cases in five other circuits omitted).

    **C.**    **Cummings's Counsel Did Not Render Ineffective Assistance In Failing To Anticipate The Outcome Of *Blakely* And *Booker*.**

Apparently recognizing that Booker does not apply retroactively, Cummings styles his Motion as one complaining that his counsel rendered ineffective assistance of counsel for failing to appeal in anticipation of the Supreme Court's later decisions in Blakely and Booker.[2] In so doing, he stakes out an untenable position. Fuller v. United States, 398 F.3d 644, 651 (7th Cir. 2005) (citing United States v. Smith, 241 F.3d 546, 548 (7th Cir.2001)(trial counsel could not be ineffective for failing

---

[2] Cummings was sentenced on April 13, 2004. Blakely was decided on June 24, 2004. Booker was decided on January 12, 2005.

to anticipate Supreme Court's subsequent decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)); <u>see also</u> <u>Campbell v. United States</u>, 108 Fed. Appx. 1, 2004 WL 1888604 (1st Cir. 2004)[3](defense counsel's "failure to anticipate <u>Blakely</u> would not constitute unreasonable performance under <u>Strickland [v. Washington</u>, 466 U.S. 668 (1984)] because First Circuit jurisprudence on this point had been well established.")(internal citation omitted).

## CONCLUSION

For the reasons set forth herein, Scott Cummings's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody should be dismissed.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:  /s/ Gregory Moffatt
>GREGORY MOFFATT
>Assistant U.S. Attorney
>617-748-3370

DATED: May 10, 2005

## Certificate of Service

I hereby certify that a copy of the attached document was served by first class mail on petitioner Scott M. Cummings,

---

[3] Because the First Circuit's decision in <u>Campbell</u> was not selected for publication, it is not cited here for precedential value.

Inmate No. 13525-179, Federal Correctional Institution, P.O. Box 9000, Seagoville, TX 75159, this 10th day of May 2005.

                                              /s/ Gregory Moffatt
                                              GREGORY MOFFATT