SCOTT MARTIN CUMMINGS
Register Number 13625-179
Federal Correction Institute
Post Office Box 9000

PETITIONER PRO SE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| SCOTT MARTIN CUMMINGS, | ) |
| Petitioner, | ) CR-10410-02-JLT |
| | ) CV-053-10839-JLT |
| V. | ) |
| UNITED STATES OF AMERICA, | ) Honorable Joseph L. Tauro |
| | ) United States District Judge |
| Respondent. | ) |

PETITIONER'S REPLY TO GOVERNMENT'S MOTION TO DISMISS
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT
TO 28 U.S.C. § 2255

COMES NOW the Petitioner, SCOTT MARTIN CUMMINGS, pro se, and for submittal of his Reply to the Government's Motion to Dismiss his Motion under Title 28 U.S.C. § 2255 states as follows:

ISSUE AND ARGUMENT

On 10 May 2005, the Government, by and through the Assistant United States Attorney MR GREGORY MOFFATT, argues that the petitioner simply fails to demonstrate how his sentence is subject to collateral attack through a Motion under § 2255. This argument is simply unavailing. Furthermore, the Government seems to only focus on the recent Supreme Court decision in United States v. Booker, 160 L.Ed.2d 621 (2005) and Blakely v. Washington, 159 L.Ed.2d 403 (2004) concerning the issue of retroactivety.

Nowhere does the petitioner argue anything about the Supreme

Court's decision in Booker applying retroactively. This is the Governments way of flying a red herring. Unfortunately, this red herring is smoked. The Government does not once engage on whether or not trial counsel (MR. J. MARTIN RICHEY) rendered ineffective of counsel for failing to consult or inquire about perfecting an appeal for the petitioner. In fact, this issue is simply avoided by the Government because there is no rebuttal on this issue.

The Supreme Court has explicitly held that counsels failure to consult with or file a notice of appeal are grounds for satisfying ineffective assistance of counsel in accordance with the two-prong test articulated in Strickland v. Washington, 466 U.S. 688 (1984) and Roe v. Flores-Ortega, 528 U.S. 470 (2000).

This is precisely what has occurred in the case at bar. No appeal was filed by defense counsel despite petitioner's request to do so. If a defendant tells his lawyer of his desire to appeal and the attorney does not appeal at all, then the defendant has been deprived of counsel all together. This is a denial of a constitutional right as garuanteed by the Sixth Amendment. A defendant is entitled to effective assistance of counsel.

Petitioner CUMMINGS clearly stated in his opening brief that before his sentencing hearing, MR. CUMMINGS inquired as to whether or not the Supreme Court's decision -- if ruled favorably would have had an affect on his sentence. MR. CUMMINGS also inquired as to whether the sentence should be appealed due to the Supreme Court's pending decision in Blakely, supra. We must remember that in determining whether or not counsel rendered ineffective assistance of counsel for failing to file a notice of appeal, there must be a reasonable probability that being a "rational defendant,"

(2)

the defendant would want to appeal and that he was interested in appealing. Such circumstances have occurred in the case at bar. Yet the Government alleges that the petitioner simply fails to demonstrate how his sentence is subject to collateral attack. This allegation borders on the absurd.

## CONCLUSION

MR. CUMMINGS is entitled to relief. Section § 2255 requires an evidentiary hearing 'unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." See rules governing § 2255 Rule 4(b). MR. CUMMINGS has not only established by the preponderance of the evidence that he is entitled to relief, but he has also established beyond a reasonable doubt that he has satified the rigid two-prong test articulated in Strickland, supra, and Flores-Ortega supra, that counsel rendered ineffective assistance by failing to file a notice of appeal despite being requested to do so. A district court "must take the defendant's allegations as true except to the extent that they are contradicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact." See Otero v. United States, 494 F.2d 900, 902 (1st Cir. 1974).

In the case at bar, not only are the petitioner's allegation not contradicted concerning the issue of filing a notice of appeal, but they are simply avoided by the Government alltogether. In fact, the Governments response is simply non-responsive and off-topic to say the least. Arguments not made in the briefs are deemed waived. See Hobbs v. Hawkins, 968 F.2d 471, 474 n.2 (5th Cir. 1992).

(3)

WHEREFORE PREMISES CONSIDERED, petitioner respectfully request that relief be granted by reinstating his right to appeal his sentence and that this court appoint adequate counsel to perfect the appeal.

Respectfully submitted,

_Scott C_____
SCOTT MARTIN CUMMINGS #13625-179
FEDERAL CORRECTION INSTITUTE
POST OFFICE BOX 9000
SEAGOVILLE, TEXAS 75159

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I placed a true and correct copy of the foregoing Reply to the Government's response requesting dismissal of the § 2255 in the Prisoner's Legal Mailbox at the Federal Correction Institute in Seagoville, Texas, first class postage affixed on 19 May 2005 addressed to: Clerk, U.S. District Court, District of Massachusetts who is located at U.S. Courthouse, One Courthouse Way, Boston MA 02210. Service is also directed to the Assistant U.S. Attorney's office which is located at U.S. Courthouse, One Courthouse Way, Boston MA 02210 for the purpose of service herein. 28 U.S.C. § 1746.

*Scott C.*
SCOTT MARTIN CUMMINGS #13625-179
FEDERAL CORRECTION INSTITUTE
POST OFFICE BOX 9000
SEAGOVILLE, TEXAS 75159

<u>D-E-C-L-A-R-A-T-I-O-N</u>

I HEREBY CERTIFY under penalty of perjury that the foregoing statement is given to the best of my knowledge and ability:

1.  Before I was sentenced I asked my defense counsel, MR. J. MARTIN RICHEY that if the Blakely case was ruled favorably, would it in fact have an affect on my sentence.

2.  Before I was sentenced, I asked my defense counsel, MR. J. MARTIN RICHEY as to whether or not we should appeal my sentence.

3.  After I was sentenced, I asked my defense counsel, MR. J. MARTIN RICHEY to appeal my sentence.

EXECUTED AT FCI SEGOVILLE, TEXAS ON 19 MAY 2005.    28 U.S.C. § 1746.

*Scott C*
SCOTT MARTIN CUMMINGS #13625-179
FEDERAL CORRECTION INSTITUTE
POST OFFICE BOX 9000
SEAGOVILLE, TEXAS 75159

(6)